| | |
|---|---|
| 1 | Gary C. Moss, Bar No. 4304 |
| | mossg@jacksonlewis.com |
| 2 | Veronica Arechederra Hall, Bar No. 5855 |
| | veronica.hall@jacksonlewis.com |
| 3 | Paul T. Trimmer, Bar No. 9291 |
| 4 | trimmerp@jacksonlewis.com |
| | **JACKSON LEWIS LLP** |
| 5 | 3800 Howard Hughes Parkway |
| | Suite 600 |
| 6 | Las Vegas, Nevada 89169 |
| | Tel:  (702) 921-2460 |
| 7 | Fax: (702) 921-2461 |

*Attorneys for Defendant*
*Ramparts Inc. dba Luxor Hotel-Casino*

| | | |
|---|---|---|
| LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS; CULINARY WORKER'S UNION, LOCAL 226 | | Case No.: 2:12-cv-01963-GMN-CWH |
| Plaintiff & Petitioners, | | |
| v. | | |
| RAMPARTS, INC. dba LUXOR HOTEL/ CASINO | | **RESPONDENT'S/COUNTER-CLAIMANT'S REPLY TO PETITIONERS'/COUNTER-DEFENDANTS' SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM AND MOTION TO CONFIRM AND ENFORCE A LABOR ARBITRATION AWARD** |
| Defendant & Respondents. | | |
| * * * * | | |
| RAMPARTS, INC. dba LUXOR HOTEL/ CASINO | | |
| Counter-Claimant, | | |
| v. | | |
| LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS; CULINARY WORKER'S UNION, LOCAL 26 | | |
| Counter-Defendant. | | |

Respondent/Counter-Claimant RAMPARTS, INC. dba LUXOR HOTEL CASINO ("Respondent," "Counter-Claimant," or "Luxor") hereby submits its reply to Petitioners/Counter-Defendants LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS and CULINARY

WORKER'S UNION, LOCAL 26's ("Petitioners," "Counter-Defendants" or "Union") Supplemental Authority in Support of Motion to Dismiss Counterclaim and Motion to Confirm and Enforce a Labor Arbitration Award.

## DISCUSSION

In Petitioners' Notice of Supplemental Authority (the "Notice"), Petitioner cites to the Fourth Affirmative Defense in Respondent's Answer for the proposition that Respondent alleges that the arbitrator "exceeded the scope of his authority." *Notice p.2.*[1] While that is one argument, Respondent also makes the following arguments in support of its opposition and counterclaim:

1. The labor arbitration award that Respondent seeks to confirm was procured by undue means;

2. There was evident partiality in the Arbitrator;

3. While conducting the arbitration hearing and preparing his award, the Arbitrator engaged in misbehavior by which the rights of Respondent have been prejudiced;

4. The Arbitrator imperfectly executed his powers in that a mutual, final, and definite award upon the subject matter submitted was not made;

5. The labor arbitration award that Petitioners seek to confirm does not draw its essence from the Collective Bargaining Agreement, governing the resolution of disputes between the parties, and in rendering the award the Arbitrator impermissibly dispensed his own brand of industrial justice; and

6. The Arbitrator's actions are subject to the doctrine of *functus officio*, as the Arbitrator has sought to expand his power or jurisdiction after he rendered Award I.

In any event, the Notice brings to the court's attention the following case: *Oxford Health Plans LLC v. Sutter*, 569 U.S. ---, No. 12-135 (2013). In *Oxford Health Plans* the United States

---

[1] Respondent is unable to provide page/line citations because Petitioners have failed to file its Notice on lined paper.

Supreme Court (the "Court") decided whether an arbitrator, who was interpreting a contract, exceeded his authority under the Federal Arbitration Act (the "FAA"). As applied to the instant facts, the case is unremarkable.

First, Petitioners argued in their Memorandum of Points and Authorities in Support of its Motion to Dismiss Counterclaim and Motion to Confirm and Enforce a Labor Arbitration Award (No. 10) ("MPA") that the FAA is inapplicable. *MPA pp.7-8.*[2] To the extent that Respondent is presenting *Oxford Health Plans* as authority in support of its Petition to Confirm a Labor Arbitration Award (No. 1) or Petitioner's Motion to Dismiss Counterclaim and to Confirm and Enforce a Labor Arbitration Award (No. 9), the authority should be rejected due to Petitioners' admission that the FAA is inapplicable to the instant facts.

Second, *Oxford Health Plans* involved facts wherein an arbitrator was asked to interpret a specific contract provision. On the contrary, here, the arbitrator was asked to determine whether the grievant was terminated for just cause. The crux of Respondent's case is not contract interpretation but its denial of a fair hearing by a biased arbitrator, which resulted in an invalid award.

Dated this 9 day of August, 2013.

JACKSON LEWIS LLP

Gary C. Moss, Bar No. 4304
Veronica Arechederra Hall, Bar No. 5855
Paul T. Trimmer, Bar No. 9291
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
*Attorneys for Defendant
Ramparts, Inc. dba Luxor Hotel-Casino*

---

[2] Again, Respondent is unable to provide page/line citations because Petitioners have failed to file its MPA on lined paper.

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis LLP and that on this 9 day of August 2013, I caused to be served a true and correct copy of the above and foregoing **DEFENDANT/COUNTER-CLAIMANT'S REPLY TO PLAINTIFFS/COUNTER-DEFENDANT'S SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIM AND MOTION TO CONFIRM AND ENFORCE A LABOR ARBITRATION AWARD** via ECF filing, properly addressed to the following:

Sarah Grossman-Swenson
Richard G. McCracken
1630 S. Commerce St., Suite A-1
Las Vegas, NV 89102

Attorneys for Plaintiffs/Counter-Defendants

4849-0160-7701, v. 1

_____
Employee of Jackson Lewis, LLP

JACKSON LEWIS LLP
LAS VEGAS