RICHARD G. McCRACKEN, #2748
SARAH GROSSMAN-SWENSON, #11979
McCRACKEN, STEMERMAN,
& HOLSBERRY, LLP
1630 South Commerce Street, Suite A-1
Las Vegas, Nevada 89102
PH:   (702) 386-5107
FAX: (702) 386-9848

*Attorneys for Local Joint*
*Executive Board of Las Vegas;*
*Culinary Workers' Union, Local 226*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS; CULINARY WORKERS' UNION, LOCAL 226, <br><br> Plaintiffs & Petitioners, <br><br> vs. <br><br> RAMPARTS, INC., d/b/a LUXOR HOTEL/CASINO, a Nevada corporation, and Does 1-10, <br><br> Defendants & Respondents. | Case No. 2:12-cv-01963-GMN-CWH <br><br> **PETITIONERS' REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY** |

# PETITIONERS' REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY

Respondent's Reply to Petitioners' Notice of Supplemental Authority (Dkt. No. 14) ("*Oxford* Notice Reply") is misleading.  It states that, in this case, the Arbitrator was not "asked to interpret a specific contract provision."  (*Oxford* Notice Reply, at 3:12-14 (citing *Oxford Health Plans v. Sutter,* 569 U.S. ---, No. 12-135 (2013) ("*Oxford*"))). That is incorrect.

Respondent has conceded that the Arbitrator in this case was asked to interpret a specific contract provision: Article 6.01 of the parties' collective-bargaining agreement ("CBA")— the CBA's "just cause" provision.[1]  Respondent "*admits* that the parties stipulated that the following issue was properly before the arbitrator for a final and binding decision: 'Was the grievant, Yulanda Hodge, discharged for just cause?  If not, what is the appropriate remedy?'" (Respondent's Answer, Dkt. No. 6 ("Answer"), at ¶ 11, 3:26-4:2 (emphasis added).)  Indeed, in his opinion and award, the Arbitrator specifically quoted, interpreted, and applied CBA Article 6.01: "No regular employee . . . shall be disciplined and/or discharged except for just cause."  (Answer, Exh. 1, at 9).

Thus, contrary to Respondent's *Oxford* Notice Reply, it is *undisputed* that the Arbitrator here interpreted and applied Article 6.01 of the parties' contract.  The *Oxford* test for court review of arbitral awards is the same as that used in the labor context: "the question for a judge is not whether the arbitrator construed the parties' contract correctly, but whether he construed it at all."  *Oxford*, Slip Op. at *9; *see Hawaii Teamsters & Allied Workers Union, Local 996 v. United Parcel Service*, 241 F.3d 1177, 1178 (9th Cir. 2001) ("[O]ur task is to determine whether the arbitrator interpreted the collective

---

[1] Every disciplinary arbitration between the parties has centered on interpretation of this "just cause" provision, and the Arbitrator here has been applying the provision for some 30 years. (Respondent's Counterclaim, Dkt. No. 6, at ¶ 6, 7:13-150.)  Indeed, the "just cause" clause has been so ubiquitous and uniform in labor contracts that entire treatises have been written solely on the clause's interpretation and application.  *See, e.g.,* ADOLF M. KOVEN & SUSAN L. SMITH, JUST CAUSE: THE *SEVEN TESTS* (3d. Ed. 2006).

bargaining agreement, not whether he did so correctly."). Based on this test, Respondent's counterclaim should be dismissed, the arbitral award confirmed, and the grievant reinstated to her job forthwith as required by the award and the parties' CBA.

Dated: August 15, 2013               RESPECTFULLY SUBMITTED,

**McCRACKEN, STEMERMAN,
& HOLSBERRY, LLP**

/s/ *Sarah Grossman-Swenson*
SARAH GROSSMAN-SWENSON
RICHARD G. McCRACKEN

*Attorneys for Petitioners Local Joint Executive Board of Las Vegas* and *Culinary Workers' Union, Local 226*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of McCracken, Stemerman & Holsberry and that on this 15th day of August, 2013, I caused to be served a true and correct copy of the above and foregoing:

**PETITIONERS' REPLY IN SUPPORT OF NOTICE OF SUPPLEMENTAL AUTHORITY**

via ECF filing, properly addressed to the following:

Gary C. Moss
Veronica Arechederra Hall
Paul T. Trimmer
Jackson Lewis LLP
3800 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Attorneys for Ramparts, Inc.

/s/ Joyce Archain
Joyce Archain