# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Local Joint Executive Board of Las Vegas; and )
Culinary Workers Union, Local 226, )
                                    )
                Plaintiffs/Counter-Defendants, )
    vs. )
                                    )
Ramparts, Inc. d/b/a Luxor Hotel/Casino, )
                                    )
                Defendant/Counter-claimant. )
_____ )

Case No.: 2:12-cv-01963-GMN-CWH

**ORDER**

        This action is brought under 29 U.S.C. § 185 to confirm or vacate an arbitration award pursuant to section 301 of the Labor Management Relations Act, 1947 ("LMRA"). This action was initiated by the Local Joint Executive Board of Las Vegas ("LJEB") and Culinary Workers Union, Local 226 ("Culinary Union") (collectively, "Petitioners") on behalf of Yulanda Hodge as a petition to confirm a labor arbitration award. (Compl., ECF No. 1.) Ms. Hodge's former employer, Ramparts, Inc. dba Luxor Hotel Casino ("Ramparts") then filed a Counterclaim along with its Answer, requesting vacatur of the arbitration award. (Countercl., ECF No. 6.)

        Pending before the Court is Petitioners' Motion to Dismiss Counterclaim and to Confirm and Enforce a Labor Arbitration Award (ECF No. 9). Ramparts filed a Response (ECF No. 11) and Petitioners filed a Reply (ECF No. 12). Subsequently, Petitioners filed a Notice of Supplemental Authority (ECF No. 13), to which Ramparts filed a Response (ECF No. 14), and Petitioners filed a Reply (ECF No. 15).

## I.     BACKGROUND

        The Culinary Union is one of the two local unions that comprise the LJEB, and both entities are labor organizations as defined at 29 U.S.C. § 152(5). (Compl., 1:¶2, 2:¶2, ECF No. 1; Answer, 2:¶¶2–3, ECF No. 6.) Ramparts is an employer within the meaning of 29 U.S.C.

§ 152(2). (Compl., 2:¶4; Answer, 2:¶4.)  The LJEB and Ramparts are parties to and bound by a collective bargaining agreement ("CBA") which is a contract subject to suit for violations as provided by 29 U.S.C. § 185(a). (Compl., 2:¶7; Answer, 3:¶7.)  The CBA governs the manner in which disputes between LJEB and Ramparts will be resolved. (Compl., 2:¶8; Answer, 3:¶8; *see also* Art. 21 of CBA, Ex. A to Compl., ECF No. 1-1.)

On March 14–16, 2012, pursuant to Article 21 of the CBA, the parties held a three-day arbitration hearing before Arbitrator Thomas Christopher ("the Arbitrator") to resolve the Culinary Union's grievant of Ramparts' termination of former employee Yulanda Hodge. (Compl., 3:¶9; Answer, 3:¶9.)  The parties stipulated to submit the following question to the Arbitrator: "Was the grievant, Yulanda Hodge, discharged for just cause?  If not, what is the appropriate remedy?" (Compl., 3:¶11; Answer, 4:¶11.)  The Arbitrator issued an Award on September 14, 2012, in which he found that Ms. Hodge's termination was not for just cause and ordered that Ms. Hodge be "reinstated in her former position without loss of seniority and other contract rights," and further ordered that Ramparts pay Ms. Hodge "the amount of wages she would have earned from the date of discharge to the date of reinstatement," as well as back pay. (Compl., 3:¶12; Answer, 4:¶12; *see also* Sept. 14, 2012, Award, Ex. B to Compl., ECF No. 1-1.)  The Arbitrator further stated that "Jurisdiction is retained to determine the precise amount of backpay in the event the parties are unable to agree on that point." (Sept. 14, 2012, Award, Ex. B to Compl., ECF No. 1-1.)  Ramparts did not reinstate Ms. Hodge. (Compl., 3:¶14; Answer, 4:¶14.)

Petitioners initiated this action on November 13, 2012, to confirm the Arbitrator's September 14, 2012, Award ("Award I"). (ECF No. 1.)  With its Answer and Counterclaim, filed on December 5, 2012, Ramparts provides the Arbitrator's accompanying correspondence sent to counsel contemporaneously with his Award, in which the Arbitrator explained that "because I cannot write the Opinion now and to reduce the back pay liability I am submitting

my Award in advance of the Opinion," and that "I will do my best to issue the Opinion in two or three weeks." (Ex. 1 to Countercl., ECF No. 6-1.)  The Arbitrator submitted his Opinion on November 26, 2012, two weeks after Petitioners initiated this action and more than ten weeks after submitting his Award. (*See* Ex. 2 to Countercl., ECF No. 6-1.)  The Award accompanying the Arbitrator's Opinion ("Award II") was dated November 26, 2012, instead of September 14, 2012, and included additional provisions as to reimbursements and the Arbitrator's fees. (*See id.*)

Ramparts pleads the following affirmative defenses to its failure to comply with the Arbitrator's award: (1) The labor arbitration award that Plaintiffs seek to confirm was procured by undue means; (2) There was evident partiality in the Arbitrator; (3) While conducting the arbitration hearing and preparing his award, the Arbitrator engaged in misbehavior by which the rights of Defendant have been prejudiced; (4) the Arbitrator exceeded the scope of his authority while conducting the arbitration hearing and preparing his award; (5) The Arbitrator imperfectly executed his powers in that a mutual, final, and definite award upon the subject matter submitted was not made; and (6) The labor arbitration award that Plaintiffs seek to confirm does not draw its essence from the Collective Bargaining Agreement, governing the resolution of disputes between the parties; and in rendering the award, the Arbitrator impermissibly dispensed his own brand of industrial justice. (Answer, 5–6.)

In its Counterclaim, Ramparts reiterates the allegations in its Answer, and alleges that "[t]he Arbitrator's conduct during the arbitration proceedings of the instant matter was irregular and denied [it] due process and a fair hearing," that the award "was procured by undue means," and that there "was evident partiality in the Arbitrator." (Countercl., 10:¶21, 11:¶¶27–28, ECF No. 6.)  Ramparts further alleges that "[t]he Arbitrator did not comply with the Code of Professional Responsibility for Arbitrators of Labor-Management Disputes of the National Academy of Arbitrators (as amended September 2007) (the 'Code')." (*Id.* at 11:¶22.)

1    As a basis for this claim, Ramparts alleges that during the hearing, the Arbitrator

2    "instructed counsel for the Union how to present his case, including how to *voir dire* a

3    witness," that the Arbitrator "made findings of fact before the close of evidence," and that

4    despite Ramparts' objections, the Arbitrator "rendered a decision in favor of the Union without

5    allowing [Ramparts] to argue its case." (*Id*. at 11:¶¶24–26.)  Furthermore, Ramparts alleges that

6    the Arbitrator's "actions are subject to the doctrine of *functus officio*, as the Arbitrator has

7    sought to expand his power or jurisdiction after he rendered Award I." (*Id*. at 12:¶33.)

8    **II.    LEGAL STANDARD**

9        **A.    Motions to Confirm or Enforce an Arbitration Award**

10   Under the LMRA, "[s]uits for violation of contracts between an employer and a labor

11   organization representing employees in an industry affecting commerce . . . may be brought in

12   any district court of the United States having jurisdiction of the parties, without respect to the

13   amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

14   Without expressly deciding the question, the Ninth Circuit has assumed that the Federal

15   Arbitration Act ("FAA") applies to arbitration of collective bargaining agreements.[1] *Matthews*

16   *v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1115 & n.7 (9th Cir. 2012) (citing

17   *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 n.1 (9th Cir. 2004)) (applying

18   the FAA in a case brought pursuant to section 301of the LMRA).

19   Under the FAA, "[a]ny application to the court hereunder shall be made and heard in the

20   manner provided by law for the making and hearing of motions, except as otherwise herein

21   expressly provided." 9 U.S.C. § 6.  The Federal Rules of Civil Procedure govern proceedings

---

[1] Other Courts of Appeal have expressly decided that the FAA may apply to arbitration of collective bargaining agreements in cases brought pursuant to section 301 of the LMRA. *See, e.g.*, *Smart v. Int'l Broth. Of Elec. Workers, Local 702*, 315 F.3d 721, 724 (7th Cir. 2002) ("The Federal Arbitration Act has no particular reference to [collective bargaining] contracts and so if there were a conflict between the two statutes we would resolve it in favor of section 301. Where there is no conflict, however, and the FAA provides a procedure or remedy not found in section 301 but does not step on section 301's toes, then . . . we apply the Federal Arbitration Act." (citation omitted)).

1    under the FAA, except as it provides other procedures. Fed. R. Civ. P. 81(a)(6)(B).

2        "[A]rbitration is a matter of contract and a party is bound by an award only if he agreed

3    to submit the issue to arbitration." *Int'l Union of Petroleum & Indus. Workers v. Western Indus.*

4    *Maint, Inc.*, 707 F.2d 425, 429 (9th Cir. 1983) (internal quotation marks omitted).  "An

5    arbitrator's award must be upheld as long as it 'draws its essence' from the agreement." *Id*.

6    (quoting *United Steelworkers of America v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596-97

7    (1960)).  "[F]ederal labor policy favors arbitration." *Id*.  "Therefore, in determining whether an

8    arbitrator has exceeded his authority, the agreement must be broadly construed with all doubts

9    resolved in favor of the arbitrator's authority." *Id*.

10       Judicial scrutiny of an arbitrator's decision is ordinarily extremely limited because

11   federal labor policy strongly favors the resolution of labor disputes through arbitration.

12   *Matthews*, 688 F.3d at 1111.  However, "manifest disregard of the law is a narrow exception to

13   the general principle of deference to arbitration awards." *Id*. at 1115.  The Ninth Circuit has

14   explained "that the manifest disregard ground for vacatur is shorthand for a statutory ground

15   under the FAA, specifically 9 U.S.C. § 10(a)(4), which states that the court may vacate 'where

16   the arbitrators exceeded their powers.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d

17   1277, 1290 (9th Cir. 2009); *see also Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir.

18   2012) ("Under § 10 of the FAA, vacatur is appropriate where it is evident that 'the arbitrators

19   exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award

20   upon the subject matter submitted was not made.'" (quoting 9 U.S.C. § 10(a)(4)).

21       **B.   Motions for Judgment on the Pleadings under Rule 12(c)**

22       Rule 12(c) of the Federal Rules of Civil Procedure provides for motions for judgment on

23   the pleadings, "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R.

24   Civ. P. 12(c).  Rule 12(a) governs the time period in which an answering party must serve a

25   responsive pleading. Fed. R. Civ. P. 12(a).  Unless the court sets a different time, serving a

1    motion under Rule 12 alters the general time period, such that a responsive pleading must be

2    served within 14 days after the court denies the motion or gives notice of postponement of

3    disposition until trial. Fed. R. Civ. P. 12(a)(4)(A).

4          Rule 7(a) provides an exclusive list of pleadings that are allowed:

5          (1) a complaint;

6          (2) an answer to a complaint;

7          (3) an answer to a counterclaim designated as a counterclaim;

8          (4) an answer to a crossclaim;

9          (5) a third-party complaint;

10         (6) an answer to a third-party complaint; and

11         (7) if the court orders one, a reply to an answer.

12   Fed. R. Civ. P. 7(a).  In contrast, "[a] request for a court order must be made by motion." Fed.

13   R. Civ. P. 7(b)(1).

14         In considering a motion for judgment on the pleadings, a court must accept all factual

15   allegations in the complaint as true and construe them in the light most favorable to the non-

16   moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  "Judgment on the

17   pleadings is properly granted when there is no issue of material fact in dispute, and the moving

18   party is entitled to judgment as a matter of law." *Id.*

19         "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are

20   presented to and not excluded by the court, the motion must be treated as one for summary

21   judgment under Rule 56." Fed. R. Civ. P. 12(d).  "All parties must be given a reasonable

22   opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

23         **C. Motions to Dismiss under Rule 12(b)(6)**

24         In contrast to a motion under Rule 12(c), which must be brought after pleadings are

25   closed, motions to dismiss pursuant to Rule 12(b)(6) "must be made before pleading if a

1  responsive pleading is allowed." Fed. R. Civ. P. 12(b).  The *analysis* of a 12(c) motion and a

2  12(b)(6) motion is substantially identical. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th

3  Cir. 2012).

4          Dismissal under Rule 12(b)(6) is proper where a party fails to state a claim upon which

5  relief can be granted, and the complaint does not give the defendant fair notice of a legally

6  cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

7  555–56 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual

8  matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" and not just

9  possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

10          "A claim has facial plausibility when the plaintiff pleads factual content that allows the

11  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

12  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements, do not suffice." *Id.*  Also, "the tenet that a court must accept as true all of the

14  allegations contained in a complaint is inapplicable to legal conclusions," even when couched

15  as factual allegations. *Id.*

16          Although generally a district court may not consider any material beyond the pleadings

17  in ruling on a Rule 12(b)(6) motion, "material which is properly submitted as part of the

18  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

19  *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,

20  "documents whose contents are alleged in a complaint and whose authenticity no party

21  questions, but which are not physically attached to the pleading, may be considered in ruling on

22  a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for

23  summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Also, under Federal

24  Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S.*

25  *Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III.   DISCUSSION

### A.   Petitioners' Rule 12(c) motion

In this action, Petitioners have brought suit against Ramparts for violation of a contract, i.e., the CBA, pursuant to the LMRA, 29 U.S.C. § 185(a), and are requesting the relief of confirmation and enforcement of the September 2012 Award; and Ramparts has counterclaimed pursuant to § 185(a), requesting the relief of vacatur of both Awards.  The Court's analysis of Petitioners' claims is guided by construction of the terms of the CBA.  As discussed above, the Court's analysis of Ramparts' claims is also guided by the FAA, under 9 U.S.C. § 10.

Petitioners' 12(c) motion appears to confuse and conflate a motion for judgment on the pleadings as to their own Complaint (ECF No. 1), and a motion for judgment on the pleadings as to Ramparts' Counterclaim (ECF No. 6).  The substance of Petitioners' arguments as to judgment on the pleadings is directed towards Ramparts' counterclaims, and Petitioners' Reply (ECF No. 12) shows further procedural confusion.

In their Reply, Petitioners deny that their 12(c) motion is untimely, as pointed out by Ramparts in the Response, and maintain the argument that "the Union does not have to answer the Counterclaim because it is not the proper vehicle for challenging an arbitration award." (Reply, 15, ECF No. 12.)  This is legally incorrect.

Furthermore, Petitioners' citations to non-binding case law from the Fourth Circuit, the Eleventh Circuit and to district courts in the Second Circuit and Third Circuit do not support Petitioners' argument that a 12(c) motion is timely here, and the same is true for Petitioners' citation to a case from the Ninth Circuit.

First, Petitioners' citation to *Sheet Metal Workers' Int'l Ass'n, Local No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 482 (9th Cir. 1983) includes an explanatory parenthetical that omits the modifier, "Ordinarily," that precedes the quoted portion of the opinion, that "a party opposing an arbitration award must move to vacate the award or be barred from legal action." Indeed, the next sentence of the opinion specifically states that although other circuits have held otherwise, "this circuit has not ruled that a failure to move to vacate bars all defenses to arbitration awards." *Id.* at 483. Furthermore, the facts of that case are not applicable here. In that case, the federal district court had already issued its judgment confirming the award, and the opposing party had never moved to vacate the award, even at the time of the appeal. *Id.* at 482. The Ninth Circuit ultimately held that a statute of limitations applied to bar any future motion to vacate that the opposing party wished to bring, especially where the opposing party "failed to protect itself by moving to vacate the award." *Id.* at 483. Therefore, despite Petitioners' mischaracterization of the Ninth Circuit's opinion, the legal proposition stated by the Ninth Circuit still fails to support Petitioners' argument, and simply echoes the general proposition that where a party requests the relief of vacatur of an arbitration award, a motion requesting such relief must be made.

This proposition is supported by the other cases cited by Petitioners, contrary to what Petitioners argue. *See O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 745–46 (11th Cir. 1988) ("The proper procedure, as discussed above, is for the party seeking to vacate an arbitration award to file a Motion to Vacate in the district court."); *Dist. 17, United Mine Workers of Am. v. Apogee Coal Co.*, 13 F.3d 134, 138 (4th Cir. 1993) ("typically such petitions may be resolved promptly on motions for summary judgment based on the record from the arbitration proceedings without the necessity of discovery"); *Interior Finish Contractors Ass'n of Del. Valley v. Drywall Finishers Local Union No. 1955*, 625 F.Supp. 1233, 1240 (E.D. Pa. 1985) ("a party must file a motion in order to apply to the court to set aside an arbitration");

1   *Kruse v. Sands Bros. & Co., Ltd.*, 226 F.Supp.2d 484, 486 ("A request for vacatur must be

2   made in the form of a motion.").

3          It is apparent to the Court that Petitioners' confusion likely stems from the language in

4   case law prohibiting the initiation of a challenge to an arbitration award through the filing a

5   complaint or an application, as opposed to a motion.  However, the cases cited by Petitioners

6   iterate this requirement in the context of the FAA alone, and not the LMRA as codified at 29

7   U.S.C. § 185. *See O.R. Sec., Inc.*, 857 F.2d at 745; *Interior Finish Contractors*, 625 F.Supp. at

8   1240; *Kruse*, 226 F.Supp. at 486–87.  In any event, the Court finds no legal authority

9   supporting Petitioners' argument that "[w]here a plaintiff brings a 'counterclaim' to vacate a

10  labor arbitration award, courts have found that defendants are not required to answer because

11  an application to vacate an arbitration award may not be initiated by filing a complaint." (*See*

12  Reply, 16, ECF No. 12.)  Even the federal district court case cited by Petitioners to support this

13  statement makes no such general statement of law; and the court's statement that "since an

14  application to vacate an arbitration award may not be initiated by filing a complaint, defendant

15  could not be expected to have answered plaintiff's complaint" was made in the context of a

16  motion to set aside default, and a finding that "defendant was justifiably confused, the court

17  believes, about how to respond to plaintiff's four filed documents" initiating the action. *See*

18  *Interior Finish Contractors*, 625 F.Supp. at 1240.

19         Here, Petitioners have not filed a responsive pleading to Ramparts' counterclaim, the

20  Court finds no basis to conclude that a responsive pleading is not required, and therefore the

21  pleadings are not closed.  This procedural obstacle to disposition of a Rule 12(c) motion is

22  particularly evident where consideration of the merits requires the Court to consider matters

23  outside the pleadings, which would require the Court to consider Petitioners' Rule 12(c) motion

24  as one for summary judgment under Rule 56.  Without any responsive pleading from

25  Petitioners, the Court cannot evaluate and render a final judgment on the merits of Ramparts'

counterclaims as would be necessary for such a motion.  Petitioners' contemporaneously-filed motion to dismiss pursuant to Rule 12(b)(6) extends the deadline to file an answer until 14 days after this Order is filed.  Accordingly, the Court will deny Petitioners' motion for judgment on the pleadings, with leave to re-file or to file a Rule 56 motion for summary judgment at the appropriate time.

### B.   Petitioners' Rule 12(b)(6) motion

Next, the Court finds that Petitioners' motion to dismiss pursuant to Rule 12(b)(6) should be denied, because Ramparts' counterclaim sufficiently states a claim upon which relief can be granted, and Ramparts alleges sufficient facts to show that violations of law are plausible, and not merely possible.

Here, Ramparts sufficiently alleges that the CBA is valid and provides for arbitration of issues such as the one formally presented to the Arbitrator here.  As stated above, "manifest disregard of the law is a narrow exception to the general principle of deference to arbitration awards," *Matthews*, 688 F.3d at 1115, and under the FAA, a court "may vacate 'where the arbitrators exceeded their powers,'" *Comedy Club, Inc.*, 553 F.3d at 1290 (quoting 9 U.S.C. § 10(a)(4)).  "[V]acatur is appropriate where it is evident that 'the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" *Biller*, 668 F.3d at 665 (quoting 9 U.S.C. § 10(a)(4)). Accordingly, the Court finds that Ramparts alleges sufficient facts to nudge their claims from conceivable to plausible where they argue that the Arbitrator's Awards constituted a manifest disregard of the law, a failure to "draw its essence" from the parties' agreement, and that the Arbitrator "imperfectly executed his powers in that a mutual, final, and definite award upon the subject matter submitted was not made." (*See* Countercl., 12:¶31, ECF No. 6.)

Although Petitioners have not answered Ramparts' pleading, in their motion Petitioners do not appear to dispute that the Arbitrator issued an Award in September 2012 that is different

1    in form and content to the Award issued in November 2012.  "Under the common law doctrine

2    of *functus officio*, an arbitrator may not redetermine an arbitration award." *Int'l Bhd. of*

3    *Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, Local 631, v. Silver*

4    *State Disposal Service, Inc.*, 109 F.3d 1409, 1411 (9th Cir. 1997).  Accordingly, Ramparts'

5    allegations that the Arbitrator exceeded the scope of his authority and that his actions are the

6    subject of the doctrine of *functus officio* are also sufficient to survive a Rule 12(b)(6) motion to

7    dismiss.

8        For these reasons, and upon review of the parties' briefs and supporting documentation,

9    the Court finds that Ramparts' counterclaims give Petitioners fair notice of a legally cognizable

10   claim and the grounds on which it rests, and that therefore the motion must be denied.

11   **IV.**    **CONCLUSION**

12       **IT IS HEREBY ORDERED** that the Motion to Dismiss Counterclaim and to Confirm

13   and Enforce a Labor Arbitration Award (ECF No. 9) is **DENIED**.

14       **DATED** this 27th day of September, 2013.

15

16   _____

17   Gloria M. Navarro
     United States District Judge

18

19

20

21

22

23

24

25